UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                          Chapter 7

RICKY MOTT,                                              Case No. 25-10110 (SHL)

                        Debtor.                            (Closed)
---------------------------------------------------------x

# MEMORANDUM OF DECISION AND ORDER
# DENYING MOTION FOR STAY PENDING APPEAL

Before the Court is the *Urgent Motion for Stay Pending Appeal* [ECF No. 85][1] (the "Motion"), filed by the above-captioned *pro se* debtor Ricky Mott (the "Debtor"). The Motion requests a stay of "the proceedings in the above-captioned Chapter 7 bankruptcy case pending appeal." *Id.* at 1-2. As the case has already been dismissed and closed, the Court interprets the Motion to be a request for a stay of this Court's *Order Dismissing Chapter 7 Case with Continuing Bar to Refiling* [ECF No. 79] (the "Dismissal Order"). An objection to the Motion has been filed by RGN-New York XXX, LLC by its agent Regus Management Group, LLC ("Regus"). *See Objection of RGN-New York XXX, LLC By Its Agent Regus Management Group, LLC to Debtor's "Urgent Motion for Stay Pending Appeal"* [ECF No. 87] (the "Objection"). For the reasons discussed below, the Motion is denied.

## BACKGROUND

The Debtor filed the above-captioned bankruptcy proceeding on January 22, 2025. *See Voluntary Petition for Individuals Filing for Bankruptcy* [ECF No. 1] (the "Petition").[2] On

---

[1]     Unless otherwise noted, all Case Management/Electronic Case Filing ("ECF") references are to Case No. 25-10110.

[2]     The Debtor also listed the following A/K/As on the Petition: A/K/A John Doe and Jane Doe, A/K/A Aida Esc, A/K/A ABC Mining Co, and A/K/A ARI. *See* Petition at 1.

February 11, 2025, Regus[3] filed a letter motion that requested, among other things, enforcement of an order that had been entered by this Court in the since-closed case of *In re Ari Pons Pons*, Case No. 22-22801 (the "Ari Pons Bankruptcy"). *See Letter Motion*, dated February 11, 2025 [ECF No. 38] (the "Regus Motion"). That order barred the refiling of bankruptcy proceedings by the same individual that filed the Ari Pons Bankruptcy (the "Pons Debtor"), due to repeated bad faith filings. *See Order Dismissing Chapter 7 Case with Bar to Refiling* [Case No. 22-22801, ECF No. 10] (the "Bar Order"). The Regus Motion asserted, among other things, that the Debtor in the instant case was in fact the same individual as the Pons Debtor. *See* Regus Motion at 1-2.

### A. The Ari Pons Bankruptcy and Prior Orders

Between November 2016 and October 2018, the Pons Debtor and his girlfriend filed petitions and/or pleadings in over twenty-six bankruptcy cases in the Southern and Eastern Districts of New York on behalf of third-party debtors, without identifying themselves as bankruptcy petition preparers. *See* Bar Order ¶¶ 11-13. In 2019, another judge of this Court entered an order permanently enjoining the Pons Debtor from filing any voluntary bankruptcy petition on behalf of a third party or an involuntary bankruptcy petition in this Court or any other bankruptcy court, without first obtaining leave of this Court by motion (the "SDNY Order"). *See id.* ¶ 15. The Bankruptcy Court for the District of New Jersey followed the same course of action, entering an order in 2020 that attached the SDNY Order and required the Pons Debtor to seek permission before filing a bankruptcy petition on behalf of a third party. *See id.* ¶ 18.

Despite this, the Pons Debtor continued to file bankruptcy cases both in his name and under D/B/As in the Eastern District of New York, the Southern District of New York and the

---

[3] Regus has brought a state court holdover summary proceeding against ABC Mining Co., the Debtor's alleged affiliate. *See RGN-NEW YORK XXX, LLC by its agent Regus Management Group, LLC v. ABC Mining Co. et al.,* Index No. LT-318342-24/NY.

- 2 -

District of New Jersey. *See id.* ¶¶ 22-26. Several of these cases were brought for the purpose of delaying evictions in state court proceedings commenced by Regus. *See id.* at ¶ 27. As a result, when the Pons Debtor filed the Ari Pons Bankruptcy in 2022, the United States Trustee (the "UST") and Regus both requested dismissal and a bar on future filings due to bad faith filing. *See Memorandum of Law in Support of the United States Trustee's Motion to Dismiss this Chapter 7 Case With a Bar to Refiling* [Case No. 22-22801, ECF No. 7]; *Regus Management Group, LLC's Response in Support of, and Joining in, the United States Trustee's Motion to Dismiss this Chapter 7 Case With a Bar to Refiling (ECF No.7)* [Case No. 22-22801, ECF No. 8]. This Court granted the request of the UST and Regus and entered the Bar Order, dismissing the Ari Pons Bankruptcy with a permanent bar to refiling. *See* Bar Order at 10. The Bar Order provided that the Pons Debtor must first seek leave of this Court by motion to file a bankruptcy pleading of any kind anywhere in the country, whether on his behalf or on behalf of a third party. *See* Bar Order at 10. The Bar Order further provided that future bankruptcy filings by the Pons Debtor, any person or entity acting in concert or participation with the Pons Debtor, whether using his own name or an alias or D/B/A, any successor or assignee of the Pons Debtor or any of his alleged affiliates, or anyone claiming a possessory interest in any office derived from the Pons Debtor or his alleged affiliates, would not result in a stay under Section 362(a) of the Bankruptcy Code without first seeking and obtaining leave of this Court by motion. *See id.* Additionally, the UST or any other party-in-interest could file a letter with the Court seeking expedited relief upon the discovery of any filing by the Debtor that was in violation of the Bar Order. *See id.*

   B. **The Current Bankruptcy Proceeding**

The Court scheduled a hearing on the Regus Motion for March 4, 2025, and despite receiving notice and opposing the requested relief, the Debtor failed to appear. *See Urgent*

*Motion to Strike Motion for Enforcement of Bar Order and Counterclaim with Notice of Pendency* [ECF No. 40]; *Notice of Hearing on Letter Motion by RGN-New York XXX, LLC by its Agent Regus Management Group, LLC (ECF No. 38), Requesting Enforcement of this Court's December 23, 2022 Order in Ari Pons Pons, 22-22801-SHL (Bankr. S.D.N.Y)* [ECF No. 41]. In an order dated March 10, 2025, the Court granted the Regus Motion in part and confirmed that the Debtor's filing of the above-captioned case did not result in a stay under Section 362(a) of the Bankruptcy Code. *See Order (i) Confirming Bankruptcy Filing by Ricky Mott aka ABC Mining Co. aka Armando Pons Does Not Result in Automatic Stay, and (ii) Adjourning Hearing on Possible Dismissal and Sanctions Requested by RGN-New York XXX, LLC by its Agent Regus Management Group, LLC* [ECF No. 49]. The Court adjourned the remainder of the relief requested by the Regus Motion to April 15, 2025. *See id*.

Thereafter, the UST filed a motion requesting, among other things, dismissal of the above-captioned case. *See Motion for Dismissal of Chapter 7 Case, or Directing Debtor to Appear at Meeting of Creditors and Extending the Time to Object to the Debtor's Discharge and Dischargeability of Debts* [ECF No. 51] (the "Motion to Dismiss"). The Motion to Dismiss attached the *Affirmation in Support of Chapter 7 Trustee's Motion to Dismiss Chapter 7 Case* ("the LaMoncia Affirmation") [ECF No. 51-1], made by Salvatore LaMonica, Esq., the Chapter 7 Trustee in the above-captioned case. The LaMonica Affirmation stated that the Debtor had, among other things, filed a "bare bones petition under Chapter 7[,] . . . failed to appear and submit to an examination, as required by 11 U.S.C. § 343, at the meeting of creditors held pursuant to 11 U.S.C. § 341(a), scheduled for February 26, 2025 . . . and has not provided [the Chapter 7 Trustee's] office with the required and necessary documents in advance of the 341 Meeting." LaMonica Affirmation at 1.

- 4 -

On April 15, 2025, the Court held a hearing on the Regus Motion and the Motion to Dismiss. Despite the Debtor having received notice of the hearing—and having filed numerous pleadings in the case that were scheduled to be heard on the same date—the Debtor once again failed to appear. *See Notice of Hearing, Notice of Motion and Motion for (1) Dismissal of Chapter 7 Case, and (2) Extension of Time to Object to Discharge of the Debtor(s)* [ECF No. 56]; *Order Scheduling Hearing* [ECF No. 62]. The Court subsequently entered the Dismissal Order, finding, among other things, that the Debtor was Armando Pons, the same individual who had filed the Ari Pons Bankruptcy. *See* Dismissal Order at 3-4. The Dismissal Order dismissed the above-captioned case and kept in place the permanent bar to refiling that was contained in the Bar Order given the Debtor's continued bad faith use of the bankruptcy system. *See id.* at 4. The Dismissal Order required that the Debtor file a motion with this Court, on notice to the UST, if he seeks to file a bankruptcy pleading of any kind anywhere in the country, whether on his behalf or on behalf of someone else. *See id.* at 4-5.

On April 28, 2025, the Debtor filed a *Notice of Appeal* [ECF No. 83], appealing from the Dismissal Order. The Debtor now seeks a stay of the Dismissal Order.

## **DISCUSSION**

Under Rule 8007 of the Federal Rules of Bankruptcy Procedure, a "party must move first in the bankruptcy court" for "a stay of the bankruptcy court's judgment, order, or decree pending appeal," or "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. Bankr. P. 8007(a)(1)(A), (C). The Court considers four factors in determining whether to grant a motion to stay an order pending appeal: "1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will

- 5 -

substantially injure other parties interested in the proceeding; and 4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

A court's determination of whether to grant a stay pending appeal is "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 433 (internal citations and quotations omitted). "The movant's burden is a heavy one[,]" with the movant required to "show satisfactory evidence on all four criteria." *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (internal citations and quotations omitted). "Failure to satisfy one prong of this standard for granting a stay will doom the motion." *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997).

The Second Circuit has "treated these [four factors] somewhat like a sliding scale, citing approvingly other circuits' formulation that . . . more of one [factor] excuses less of the other." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (internal citations and quotations omitted). Courts have also held that two of the factors—irreparable injury to the movant and likelihood of success on appeal—are the "most critical." *In re Eletson Holdings Inc.*, 2025 WL 726248, at *8 (Bankr. S.D.N.Y. Mar. 6, 2025) (citing *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, 2015 U.S. Dist. LEXIS 113309, at *3 (S.D.N.Y. Aug. 26, 2015)); *see also Nken*, 556 U.S. at 434.

A. **Irreparable Harm**

A showing of irreparable harm is the "principal prerequisite" for the issuance of a stay pending appeal. *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016). The harm "must be neither remote nor speculative, but actual and imminent." *ACC Bondholder Grp. v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (internal citations and quotations omitted).

The Debtor argues that the actions of the Court "have resulted in irreparable harm to the Movants by infringing upon their constitutional rights. The Fifth and the Fourteenth Amendments guarantee due process, which has been compromised by the retaliatory actions of the Court." Motion at 4. The Debtor states that the "harm . . . is ongoing and substantial, warranting immediate intervention by this Court to preserve the status quo pending appeal." *Id*. But the Debtor has not been denied due process in this case. Indeed, the Debtor has been provided notice of all hearings yet has failed to attend.[4] The Debtor's objections and all his numerous other pleadings have been reviewed and considered by the Court.[5] Nor does the Dismissal Order impose an absolute bar upon the Debtor's ability to file bankruptcy or to litigate in the context of bankruptcy proceedings. Rather, as noted above, it imposes conditions on his ability to file based on his long-standing abuse of the bankruptcy process. *See* Dismissal Order at 10 (noting that Debtor must first file a request with this Court should he wish to file bankruptcy pleadings).

The Debtor also argues that the denial of a stay would render his appeal moot. *See* Motion at 4-5. "[T]hat . . . [an] appeal may be rendered moot in the absence of a stay is not a bar to finding that the imminent injury factor weighs against Debtor-Appellant." *In re*

---

[4] *See, e.g., Notice of Hearing on Letter Motion By RGN-New York XXX, LLC By Its Agent Regus Management Group, LLC* (ECF No. 38), *Requesting Enforcement of this Court's December 23, 2022 Order in Ari Pons Pons, 22-22801-SHL (Bankr. S.D.N.Y.)* and related *Certificate of Service* [ECF No. 41] (providing Debtor notice of March 4, 2025 hearing by email and U.S. mail); *Notice of Hearing, Notice of Motion and Motion for (1) Dismissal of Chapter 7 Case, and (2) Extension of Time to Object to Discharge of the Debtor(s)* [ECF Nos. 56, 57] (providing notice of April 15, 2025 hearing to Debtor by U.S. mail); *Order Scheduling Hearing on Debtors' (1) Motion to Strike Alleged Bad Intentions and for Recusal and Sanctions and; (2) Emergency Order to Show Cause and Affirmation* [ECF No. 62] (providing notice of April 15, 2025 hearing to the Debtor by U.S. mail).

[5] *See, e.g., Motion to Reinstate the Automatic Stay Pending Appeal* [ECF No. 32]; *Motion for Preliminary Injunction or Temporary Restraining Order* [ECF No. 36]; *Urgent Motion to Strike Motion for Enforcement of Bar Order and Counterclaim With Notice of Pendency* [ECF No. 40]; *Opposition to Letter Motion* [ECF No. 46]; *Letter Requesting Adjournment* [ECF No. 47]; *Urgent Motion to Strike Alleged Bad Intentions and For Recusal and Sanctions* [ECF No. 48]; *Opposition to Trustee's Motion for Dismissal or Extension of Time for Meeting of Creditors* [ECF No. 53]; *Emergency Order to Show Cause and Affirmation By Ricky Mott and ABC Mining Co* [ECF No. 58]; *Complaint* [ECF No. 59]; *Notice of Motion to Adjourn Meeting of Creditors* [ECF No. 61]; *Complaint Jury Trial Demanded* [ECF No. 67]; *Opposition and Motion to* Strike [ECF No. 71]; Complaint [ECF No. 72]; *Complaint* [ECF No. 73]; *Complaint* [ECF No. 74]; *Amended Complaint* [ECF No. 75]; *Emergency Petition for Adjournment of Hearing and Recusal of Judge* [ECF No. 76].

*Mongiello*, 2024 WL 729865, at *2 n.3 (S.D.N.Y. Feb. 22, 2024) (internal citations and quotations omitted); *see also In re Calpine Corp.*, 2008 WL 207841, at *4 (Bankr. S.D.N.Y. Jan. 24, 2008) (stating that "merely invoking equitable mootness . . . is not sufficient to demonstrate irreparable harm"). "Courts are divided, and the Second Circuit has not yet spoken, on the issue of whether the risk that any appeal may become moot in the absence of a stay pending appeal satisfies the irreparable injury requirement, but a majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." *In re Mongiello*, 2024 WL 729865, at *2 n.3 (internal citations and quotations omitted). But "[e]ven if that risk were sufficient to show irreparable harm, the mere threat of equitable mootness is not grounds, per se, for granting stay relief. The Court must further consider whether the [movant has] shown actual and imminent irreparable harm and, if so, whether, in balancing the four factors [it has] met [its] burden of proof that [it is] entitled to a stay pending appeal." *Id.* In the circumstances of this case, denying a stay of the Dismissal Order pending its appeal would not moot out the appeal or otherwise interfere with the ability of an appellate court to order effective relief. Were the Dismissal Order to be reversed, the above-captioned case would simply be reinstated and continue in the ordinary course. But even to the extent that mootness is a risk here, the balancing of the other factors, as further discussed below, all weigh against granting a stay.

Moreover, any potential monetary harm that may result from the denial of a stay, such as eviction from or sale of a debtor's property, are remediable and do not automatically constitute irreparable harm. *See In re Giambrone*, 600 B.R. 207, 213 (Bankr. E.D.N.Y. 2019) ("An injury that may be fully remedied by monetary damages does not constitute irreparable harm."); *see, e.g., Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The key word in this consideration is irreparable. Mere injuries, however substantial in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or

other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) (lack of irreparable harm "where monetary damages may provide adequate compensation"); c*f. In re Lindsay*, 2021WL 6137243, at *3 (Bankr. S.D.N.Y. Dec. 28, 2021) (giving no weight to irreparable harm factor because once the automatic stay was lifted, the debtor still would be "free to present her case in a Connecticut State foreclosure court"). "[W]hile courts in this circuit have held that eviction can be an irreparable injury, those holdings hinge on the party facing eviction also facing the real threat of homelessness." *In re Mongiello*, 2024 WL 729865, at *2. The Debtor has made no such suggestion in the Motion. Indeed, the Petition lists the Debtor's residence as 142 West 57 Street, New York, N.Y., while the location of the Debtor's business, ABC Mining Co., is listed as 104 West 40 Street, Suite 400, New York. N.Y. *See* Petition at 2, 4. The Petition notes that the holdover proceeding brought by Regus in the state court relates to the 104 West 40th Street address. *See id.* at 5; *see also Statement of Intention for Individuals Filing Under Chapter 7* [ECF No. 34] (listing lease with Regus and describing the leased property as "office").

### B. Chance of Success on the Merits

In considering whether to grant a stay pending appeal, the Court must also consider "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *Nken*, 556 U.S. at 434. "It is not enough that the chance of success on the merits be better than negligible . . . [m]ore than a mere possibility of relief is required." *Id.* at 434-35 (internal citations and quotations omitted). "It is well-established in this circuit that a party seeking a stay may satisfy the first factor—'likelihood of success'—by showing that there are 'serious questions' going to the merits of the dispute and that the balance of hardships tips decidedly in

its favor." *Starke v. SquareTrade, Inc.*, 2017 U.S. Dist. LEXIS 227981, at *2-3 (Bankr. E.D.N.Y. Dec. 14, 2017).

Given the background here, the Court finds that there is no likelihood of success by the Debtor in his appeal. The Debtor's case clearly warranted dismissal due to his complete failure to comply with the requirements of the Bankruptcy Code. For instance, the Debtor failed to provide his social security number and other required and necessary documents requested by the Chapter 7 Trustee. *See generally* Motion to Dismiss; LaMonica Affirmation. The Debtor also failed to appear for examination at the required meeting of creditors, as required by Section 343 of the Bankruptcy Code. *See id.* Indeed, the Debtor's Motion completely fails to address his lack of compliance with these and other basic Bankruptcy Code requirements. As for the injunctive relief contained in the Dismissal Order, the Debtor has been abusing the bankruptcy process for years through bad faith filings, which has been documented and addressed through prior injunctive relief by numerous judges in this Court and bankruptcy courts in other jurisdictions. *See Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 341-42 (2d Cir. 1999) (affirming bankruptcy court's determination that Chapter 13 case was *void ab initio* because it was commenced in violation of prior order dismissing that debtor's third Chapter 11 case and imposing injunction against future bankruptcy filings); *In re Albert*, 2011 WL 1594953, at *4 (E.D.N.Y. April 26, 2011) (affirming bankruptcy court's dismissal of Chapter 7 case as *void ab initio*, since it was filed in bad faith).

**C. Substantial Injury to Others If a Stay is Issued**

The third factor requires the movant seeking a stay pending appeal to establish that the "issuance of the stay will [not] substantially injure the other parties interested in the proceeding." *Nken*, 556 U.S. at 434. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay." *Adelphia*, 361 B.R. at 349.

The Debtor argues that "[g]ranting the stay will not harm any creditors" and that a "stay aligns with the principles of equity and justice, ensuring that the Movants' rights are protected while not adversely affecting the interests of the creditors." Motion at 5-6. But in these circumstances, the issuance of a stay will injure Regus, and the balance of harms clearly tips towards denial of the Motion. The Debtor commenced this bankruptcy shortly after receiving an adverse ruling in a state court holdover summary proceeding between Regus and ABC Mining Co., the Debtor's alleged affiliate.[6] *See RGN-NEW YORK XXX, LLC by its agent Regus Management Group, LLC v. ABC Mining Co. et al.,* Index No. LT-318342-24/NY. Regus prosecuted the holdover proceeding against the Debtor to conclusion and has obtained, among other orders, a judgment of possession. Indeed, the only creditors listed by the Debtor on his creditor matrix are related to the holdover proceeding, including Regus, Regus's counsel, the landlord for the building at issue, and the New York Civil Court itself. *See* Petition at 10. Imposition of a stay pending appeal now would severely prejudice Regus in pursuing its rights in the holdover proceeding, as well as deprive Regus of the opportunity to collect fees for the space that it licensed to the Debtor. *See In re Casse*, 198 F.3d at 332 ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or intent to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors.") (internal citations and quotations omitted); *In re TE Roslyn LLC*, 2012 WL 3063991, at *4 (Bankr. E.D.N.Y. July 26, 2012) ("[T]he Landlord would likely not receive rent for several months (or more) if the June 18 Order is stayed pending the Committee's appeal. This will result in substantial injury to the landlord, especially considering that Debtor was several months behind on its rent when this bankruptcy case was filed. . . ."); *Barretta v. Wells Fargo Bank, N.A.*, 693 Fed. Appx. 26, 28 (2d Cir. 2017) (harm found where "the record indicates that Wells

---

[6] *See supra* note 1.

- 11 -

Fargo has not been able to foreclose on the property despite being authorized to do so by the bankruptcy court's 2015 order, and has expended resources litigating this dispute").

### D. Public Interest

The movant must also demonstrate that the public interest will not be adversely affected if a stay is granted during the pendency of the appeal. *See Nken*, 556 U.S. at 434. "This factor of the test balances the goals of efficient case administration and the right to meaningful review on appeal." *Golden v. Nat'l Collegiate Student Loan Trust 2006-4 (In re Golden)*, 2025 Bankr. LEXIS 1629, at *30 (Bankr. E.D.N.Y. July 7, 2025) (citing *Adelphia*, 361 B.R. at 349). Specifically, [t]he public interest factors the expedient administration of the bankruptcy proceedings." *Adelphia*, 361 B.R. at 349. And "where the high standards for a stay . . . are not met, a stay pending appeal would injure the interests of sound case management in the bankruptcy process, and as a consequence, would also injure the public interest." *In re 473 West End Realty*, 507 B.R. at 508.

For all of the reasons discussed above, the Court finds that the public interest would be adversely affected by a stay pending appeal. The Debtor's failure to comply with the requirements of the Bankruptcy Code in this case "caused delay in the administration of the case that is prejudicial to creditors" and warranted dismissal of the case. *In re Shuang*, 2024 WL 4668429, at *5 (Bankr. S.D.N.Y. Nov. 4, 2024). Moreover, the Debtors conduct in repeatedly filing frivolous bankruptcy proceedings in bad faith has adversely impacted the efficient administration of the bankruptcy system and resulted in the use of an excessive amount of judicial resources to address his repeated bad faith filings. The public interest clearly weighs against granting a stay pending appeal.

## CONCLUSION

For all the reasons discussed above, the Debtor's Motion requesting a stay pending appeal is denied.

**IT IS SO ORDERED.**

Dated: White Plains, New York
August 13, 2025

                                             */s/ Sean H. Lane*
                                             UNITED STATES BANKRUPTCY JUDGE

**Copies To:**

Ricky Mott
104 West 40th St.
Suite 400
New York, NY 10018
Email: virginiadc749@gmail.com

ABC Mining Co.
104 West 40th St.
Suite 400
New York, NY 10018